UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARCUS S. JOHNSON, JR.,

    Plaintiff,

    v.        Case No. 20-cv-0872-bhl

C.O. KAMMER, SGT. LANNOYE,
JOHN DOES,

    Defendants.

# SCREENING ORDER

Plaintiff Marcus S. Johnson, Jr., an inmate confined at Green Bay Correctional Institution, filed a *pro se* complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. This order resolves Johnson's motion for leave to proceed without prepaying the filing fee and screens his complaint.

## MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE

The Prison Litigation Reform Act (PLRA) applies to this case because Johnson was a prisoner when he filed his complaint. *See* 28 U.S.C. §1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On June 18, 2020, the Court ordered Johnson to pay an initial partial filing fee of $31.48. (ECF No. 5.) Johnson paid that fee on August 24, 2020. The Court will grant Johnson's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

# SCREENING THE COMPLAINT

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)).

To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes *pro se* complaints liberally. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

Johnson complains about the conditions of his confinement. He alleges that on May 27, 2020, defendants Sergeant Lannoye, C.O. Kammer, and an unknown official—John Doe 1—were working first shift. (ECF No. 1 at 2.) Though inmates "always get" toilet paper, the defendants did not place any outside Johnson's door. Johnson and his cellmate asked Lannoye, Kammer, and John Doe 1 for toilet paper around 8:00 a.m. About a half an hour later, Lannoye, Kammer, and John Doe 1 came and searched Johnson's cell. (*Id.*) They found no toilet paper and told Johnson they would bring some. (*Id.* at 2–3.) A while later (Johnson does not specify exactly when), John Doe 1 was walking by Johnson's cell, and Johnson asked him about the

2

toilet paper because he needed to use the bathroom. (*Id.* at 3.) After working out for a couple hours, Johnson's stomach started to hurt "really bad." Later that day, he asked two more unknown officials—Sergeant John Doe and C.O. John Doe 2—as well as John Doe 1 for toilet paper because his stomach was cramping, and he was in pain from holding his bowels for more than six hours. Johnson ended up using the bathroom because he "couldn't hold it any longer" and then "tr[ied] to clean [him]self the best [he could]" without toilet paper. (*Id.*) A few days later, on June 1, 2020, he went to the Health Services Unit because of "how long [he] had to hold [his] bowels." (*Id.*) Personnel prescribed him psyllium fiber to help him have a bowel movement and moistened witch hazel pads for the bleeding. (*Id.*)

To establish that prison living conditions violate the Eighth Amendment's proscription against cruel and unusual punishment, Johnson must be able to demonstrate both: (1) the conditions were so adverse that they deprived him "of the minimal civilized measure of life's necessities" (the claim's objective prong) and (2) the defendant acted with deliberate indifference with respect to the conditions (the claim's subjective prong). *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (quoting *Farmer v. Brennan*, 511 U.S. 832, 834 (1994)).

Johnson's complaint fails to state a claim because the condition about which he complains is not sufficiently serious to show he was without "life's necessities." The necessities of life include "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities," *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016) (quoting *Lewis v. Lane*, 816 F.2d 1165, 1171 (7th Cir. 1987)), but the deprivation must be "extreme" to state a conditions-of-confinement claim, *Delaney v. DeTella*, 256 F.3d 679, 683 (7th Cir. 2001) (internal citations omitted). Being without toilet paper for approximately eight-and-a-half-hours, including having to use the bathroom once without toilet paper, is not extreme. The Court of Appeals for the Seventh Circuit has found much longer periods without toilet paper did not violate a prisoner's Eighth Amendment rights. In *Dye v. Lomen*, 40 Fed. App'x 993, 995, 997 (7th Cir. 2002), for example, the plaintiff was without toilet paper for two to three days, but the court found no constitutional violation. In *Harris v. Flemming*, 839 F.3d 1232, 1234–36 (7th Cir. 1988), the Seventh Circuit found that a plaintiff's lack of toilet paper, among other unpleasant conditions, for five days was not cruel and unusual punishment.

A little over eight hours without toilet paper and having to use the bathroom once without it is not enough for Johnson to state a claim that his constitutional rights were violated. Under

established Seventh Circuit caselaw, Johnson's complaint fails to state a claim. The Court will dismiss the case and assess Johnson a strike. 28 U.S.C. §1915(g).

## CONCLUSION

**THEREFORE, IT IS ORDERED** that Johnson's motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim**.**

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of shall collect from his institution trust account the $318.52 balance of the filing fee by collecting monthly payments from Johnson's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Johnson is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Johnson is confined.

**IT IS FURTHER ORDERED** that a copy of this order be emailed to DLSFedOrdersEastCL@doj.state.wi.us.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The Court cannot extend this deadline. *See*

Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 14th day of October, 2020.

s/ Brett H. Ludwig

Brett H. Ludwig
United States District Judge